IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN ROOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:21-cv-2576 |
| | ) |
| TOMORROW SOLUTIONS, LLC, and | ) |
| MICHAEL MORROW, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DAMAGES

Plaintiff, John Roos, for his Complaint against Defendants, Tomorrow Solutions, LLC ("TS") and Michael Morrow, states the following:

### I.  Parties

1. Plaintiff is a resident of Marion County, Indiana.

2. Defendant, TS, is a business located in Saint Paul, Indiana.

3. Defendant, Mr. Morrow, is a member of TS.

4. Defendant, Mr. Morrow, is a farmer.

5. Defendant, Mr. Morrow, is the person that hired Plaintiff.

6. Defendant, Mr. Morrow, is the person who negotiated the pay that Plaintiff was to receive when performing work.

7. Defendant, Mr. Morrow, is the person who determined how much Plaintiff was to be paid for his work.

## II. Jurisdiction and Venue

8. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claims arise under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under the FLSA.

9. This court has jurisdiction to hear these state claims pursuant to the court's supplemental jurisdiction under 28 U.S.C. §1367.

10. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue Defendant doing business in this District.

## III. Factual Allegations

11. Defendant, Mr. Morrow, recruited Plaintiff work for him.

12. Defendant, Mr. Morrow, and Plaintiff negotiated an agreement for Plaintiff to come work for Defendant.

13. Defendant, Mr. Morrow, agreed to pay Plaintiff $5,000.00 as a signing bonus.

14. Defendant, Mr. Morrow, agreed to pay Plaintiff $10,000.00 per month plus room, board and meals.

15. Defendant, Mr. Morrow, agreed to pay Plaintiff $30,000.00 for a three (3) months of work.

16. Defendant, Mr. Morrow, agreed to put these agreed upon terms and conditions of employment of Plaintiff into writing.

17. Defendant, Mr. Morrow, told Plaintiff that a written agreement will be ready to be signed upon arrival in Indiana to work.

18. Plaintiff drove from Bigfork, Montana to Saint Paul, Indiana to start working for Defendant, Mr. Morrow.

19. Plaintiff started working for Defendant, Mr. Morrow, on October 2, 2019.

20. Plaintiff was an employee of Defendant, Mr. Morrow.

21. Defendant, Mr. Morrow, failed to present Plaintiff with a written contract setting forth the agreed upon terms and conditions of his employment by Defendant, Mr. Morrow.

22. Plaintiff worked over 40 hours a week for Defendant, Mr. Morrow.

23. On October 11, 2019, Defendant, Mr. Morrow, registered Defendant, TS, with the Indiana Secretary of State.

24. Plaintiff began working for Defendants.

25. Plaintiff worked over 40 hours a week for Defendants.

26. Defendants failed to pay Plaintiff his signing bonus of $5,000.00.

27. Defendants failed to pay Plaintiff $10,000.00 a month.

28. Defendants failed to pay Plaintiff at least minimum wages for all hours worked.

29. Defendant willfully failed to pay Plaintiff at least minimum wages for all hours worked in a workweek.

30. Defendant does not a have good faith reason for its failure to pay Plaintiff at least minimum wages for all hours worked.

31. Defendant failed to pay Plaintiff overtime premiums for hours worked over 40 hours in a workweek.

32. Defendant willfully failed to pay Plaintiff overtime wages for all hours worked over 40 hours in a workweek.

33. Defendant does not a have good faith reason for its failure to pay Plaintiff overtime wages for all hours worked.

34. Plaintiff complained to Defendant, Mr. Morrow, about failing to be paid correctly.

35. Plaintiff complained to Defendant, Mr. Morrow, about failing to be paid at least minimum wages.

36. Plaintiff complained to Defendant, Mr. Morrow, about failing to be paid overtime wages.

37. Defendants terminated Plaintiff in retaliation for complaining about not being paid at least minimum wages.

38. Defendants terminated Plaintiff in retaliation for complaining about not being paid overtime wages.

39. Plaintiff injured a toe while working for Defendants.

40. Defendants terminated Plaintiff in retaliation for having a worker's compensation injury.

41. Defendants failed to send Plaintiff to its doctor for treatment.

42. Defendants refused to pay for Plaintiff's medical treatment for his injury.

43. On November 18, 2020, Plaintiff's wage claim was referred to counsel for Plaintiff by the Attorney General's Office in conjunction with the Department of Labor.

### III.   Cause of Action

**Count I**
**Failure to Wages**
**Pursuant to the Wage Claims Statute, Ind. Code §22-2-9 *et. seq.***

44. Plaintiff incorporates paragraphs 1 through 43 by reference herein.

45. Plaintiff was an employee of Defendants pursuant to the Wage Claims Statute.

46. Defendants were employers pursuant to the Wage Claims Statute.

47. Defendants did not have a good faith reason for failing to pay Plaintiff at least minimum wages.

48. Defendants did not have a good faith reason for failing to pay Plaintiff overtime wages.

49. Defendants did not have a good faith reason for failing to pay his $5,000.00 signing bonus.

50. Defendants did not have a good faith reason for failing to pay his regular wages in the correct amount.

51. Defendants failed to pay Plaintiff his wages in a timely fashion.

52. Plaintiff has been damaged by Defendant's violations of the Wage Claims Statute.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## Count II
### Failure to Pay Minimum & Overtime Wages
### Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.*

53. Plaintiff incorporates paragraphs 1 through 52 by reference herein.

54. Plaintiff was an employee of Defendant, Mr. Morrow, pursuant to the FLSA.

55. Plaintiff was an employee of Defendant, TS, pursuant to the FLSA.

56. Plaintiff's work for Defendants involved interstate commerce.

57. Defendant, Mr. Morrow, is an employer pursuant to the FLSA.

58. Defendant, TS, is an employer pursuant to the FLSA.

59. Defendant, Mr. Morrow, had gross revenues of at least $500,000.00 for the 2018 calendar year.

60. Defendant, Mr. Morrow, had gross revenues of at least $500,000.00 for the 2019 calendar year.

61. Defendants' violations of the FLSA have damaged Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### Count III
### Failure to Pay Minimum & Overtime Wages
### Pursuant to the Indiana's Minimum Wage Statute

62. Plaintiff incorporates paragraphs 1 through 61 by reference herein.

63. Plaintiff was an employee of Defendants pursuant to the Minimum Wage Statute.

64. Defendant, Mr. Morrow, is an employer pursuant to the Minimum Wage Statute.

65. Defendant, TS, is an employer pursuant to the Minimum Wage Statute.

66. Defendants' violations of the Minimum Wage Statute have damaged Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### Count IV
### Retaliatory Termination of Employment
### Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.*

67. Plaintiff incorporates paragraphs 1 through 66 by reference herein.

68. Plaintiff was an employee of Defendant, Mr. Morrow, pursuant to the FLSA.

69. Plaintiff was an employee of Defendant, TS, pursuant to the FLSA.

70. Plaintiff's work for Defendants involved interstate commerce.

71. Defendant, Mr. Morrow, is an employer pursuant to the FLSA.

72. Defendant, TS, is an employer pursuant to the FLSA.

73. Defendant, Mr. Morrow, had gross revenues of at least $500,000.00 for the 2018 calendar year.

74. Defendant, Mr. Morrow, had gross revenues of at least $500,000.00 for the 2019 calendar year.

75. Defendants terminated Plaintiff for complaining about not being paid at least minimum wages.

76. Defendants terminated Plaintiff for complaining about not being paid overtime wages.

77. Defendants' violations of the FLSA have damaged Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, attorney fees, costs of this action, special and punitive damages, and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## Count V
## Worker's Compensation Retaliation

78. Plaintiff incorporates paragraphs 1 through 77 by reference herein.

79. Plaintiff was an employee of Defendants.

80. Plaintiff injured his toe while working on the job.

81. Defendants refused to send Plaintiff to the doctor for his injury.

82. Defendants failed to pay Plaintiff for his injury.

83 .Defendants terminated Plaintiff for getting injured on the job.

84. Defendants terminated Plaintiff for wanting to get medical attention for his injury.

85. Defendants' violations of common law have damaged Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, attorney fees, costs of this action, special and punitive damages and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## Count VI
## Breach of Contract

86. Plaintiff incorporates paragraphs 1 through 85 by reference herein.

87. Plaintiff and Defendant, Mr. Morrow, entered into an oral contract regarding the terms and conditions of Plaintiff's employment.

88. Defendants failed to pay Plaintiff the $5,000.00 signing bonus as agreed to.

89 .Defendants failed to pay Plaintiff $10,000 per month for his labors.

90. Plaintiff has been damaged by Defendants' breaches of contract.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, attorney fees, costs of this action, special and punitive damages and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## Count VII
## Detrimental Reliance

91. Plaintiff incorporates paragraphs 1 through 90 by reference herein.

92. Defendant, Mr. Morrow, promised Plaintiff a three (3) month job.

93. Defendant, Mr. Morrow, promised Plaintiff a signing bonus of $5,000.00 if Plaintiff would travel from Montana to Indiana to perform the work.

94. Defendant, Mr. Morrow, promised Plaintiff $10,000 per month for her labors.

95. Defendant, Mr. Morrow, promised Plaintiff $30,000 for three month of work.

96. Plaintiff relied upon the promises of Defendant, Mr. Morrow, to his detriment.

97. Plaintiff has been damaged by Defendants' broken promises.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, attorney fees, costs of this action, special and punitive damages and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### IV.     Jury Demand

98.     Plaintiff incorporates paragraphs 1 through 97 by reference herein.

99.     Plaintiff demands a trial by jury.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49
Counsel for Plaintiff,
John Roos

Weldy Law
11268 Governors Lane
Fishers, IN 46037
Tel: (317) 842-6600
Fax: (317) 288-4013
E-mail: rweldy@weldylegal.com