UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN ROOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-02576-TWP-MPB |
| | ) | |
| TOMORROW SOLUTIONS, LLC, | ) | |
| MICHAEL MORROW, | ) | |
| 2MORROW'S FARM, LLC, | ) | |
| HEARTLAND HEMP, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO REVIEW
NON-DISPOSITIVE DECISION OF MAGISTRATE JUDGE**

This matter is before the Court on Plaintiff John Roos' ("Roos") Motion to Review Non-Dispositive Decision of Magistrate Judge (Filing No. 54), requesting that the Court vacate the Magistrate Judge's Order Denying Motion for Extension of Time (Filing No. 53) and extend the parties' summary judgment briefing deadlines. For the reasons stated below, the Court **denies** Roos' Motion.

**I.      PROCEDURAL BACKGROUND**

Roos initiated this action against Defendants Tomorrow Solutions, LLC, Michael Morrow, 2Morrow's Farm, LLC, and Heartland Help, LLC (collectively, "Defendants") on October 4, 2021, asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Filing No. 1). Defendants filed their Answer on February 15, 2022 (Filing No. 12). Roos then filed an Amended Complaint on May 9, 2022 (Filing No. 27), and Defendants filed their Answer to the Amended Complaint on June 27, 2022 (Filing No. 29). On October 21, 2022, Roos filed his Statement of Claims, and on October 23, 2022, Defendants filed their Statement of Defenses (Filing No. 43; Filing No. 44).

On October 31, 2022, the Magistrate Judge entered an Order on Telephonic Status Conference setting forth the following summary judgment cross-motion deadlines:

(A) Defendants' motion for summary judgment was to be filed by November 4, 2022; (B) Roos' response and cross-motion for summary judgment was to be filed by December 2, 2022; (C) Defendants' response and reply was to be filed by December 23, 2022; and (D) Roos' reply was to be filed by January 10, 2023 (Filing No. 45). Consistent with the briefing schedule, Defendants timely filed their Motion for Summary Judgment (Filing No. 46). In their Motion, Defendants argue that an agricultural exemption under the FLSA bars Roos' claims. Roos contends that Defendants improperly raised this exemption defense for the first time in their summary judgment motion.

On December 2, 2022, instead of filing his response to Defendants' Motion, Roos filed an Unopposed Motion to Extend Deadline, requesting a three-day[1] extension of his response deadline. Roos' counsel asserted that he needed the extension because he unexpectedly needed to run errands, draft a motion in another matter, and attend to insurance issues related to his son's motor vehicle accident (Filing No. 48 at ¶ 2). The unopposed motion to extend did not mention the purportedly new exemption defense raised in Defendants' summary judgment briefing. The Magistrate Judge granted Roos' Motion for Extension of Time, allowing him until December 5, 2022, to respond to Defendants' summary judgment motion and file a cross-motion.

On December 5, 2022, instead of filing a response and cross-motion, Roos filed a Motion to Find Exemption Defense Waived (Filing No. 51) and a second Motion to Extend Deadline

---

[1] Mr. Roos requested that the Court extend his response deadline from Friday, December 2, 2022, to the following Monday, December 5, 2022 (Filing No. 48). He refers to this extension as a "one-day" extension because it extended his deadline one business day, but Defendants refer to a "three-day extension," because it also extended Mr. Roos' deadline by three calendar days. The Court will refer to the number of calendar days.

(Filing No. 51). In his second Motion to Extend Deadline, Roos asked the Court to indefinitely extend his summary judgment response and cross-motion deadline to and until fourteen days after the Court rules on his Motion to Find Exemption Defense Waived (Filing No. 51 at ¶ 7). Roos argued that under *Curtis v. Timberlake*, 436 F.3d 709 (7th Cir. 2005), the Court should determine whether Defendants waived their exemption defense before Roos responds to their Motion (Filing No. 51 at ¶¶ 5–6).

On December 8, 2022, the Magistrate Judge denied Roos' second Motion to Extend Deadline. The Magistrate Judge concluded that Roos' Motion to Find Exemption Defense Waived was a collateral motion and that his waiver argument "should and can be raised in Plaintiff's response and cross motion for summary judgment" (Filing No. 53 at 1). The Magistrate Judge, however, gave Roos another opportunity to file his summary judgment response and cross-motion by *sua sponte* extending the parties' briefing schedule as follows: Roos' response and cross-motion are to be filed December 12, 2022; Defendants' response and reply are to be filed January 3, 2023; and Roos' reply is to be filed January 20, 2023 (Filing No. 53 at 1–2). The next day, Roos filed the instant Motion to Review Non-Dispositive Decision of Magistrate Judge, asking the Court to vacate the Magistrate Judge's order and grant Roos' requested indefinite extension of his briefing deadline. Defendants filed their response to Roos' Motion to Review on December 9, 2022 (Filing No. 56).

## II.  LEGAL STANDARD

A district court may refer for decision a non-dispositive pretrial motion to a magistrate judge under Federal Rule of Civil Procedure 72(a). Rule 72(a) provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not

timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

After reviewing objections[2] to a magistrate judge's order, the district court will modify or set aside the order only if it is clearly erroneous or contrary to law. The clear error standard is highly differential, permitting reversal of the magistrate judge's ruling only when "the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). "To be clearly erroneous, a decision must strike [the court] as more than just maybe or probably wrong," and the court will not modify a magistrate judge's non-dispositive, pretrial decision "simply because [it has] doubts about its wisdom or think[s] [it] would have reached a different result." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Coley v. Landrum*, No. 14-cv-956, 2016 WL 427518, at *1 (S.D. Ind. Feb. 4, 2016) (citation and quotation marks omitted).

### III.   DISCUSSION

Roos' argument in favor of an extension is tied to the Seventh Circuit's test for determining waiver. The Seventh Circuit has "held that a delay in asserting an affirmative defense waives the defense only if the plaintiff was harmed as a result." *Curtis v. Timberlake*, 436 F.3d 709, 711 (7th Cir. 2005). In *Curtis v. Timberlake*, on which Roos heavily relies, the Seventh Circuit determined that the plaintiff had not been prejudiced by an exhaustion-of-remedies defense raised for the first time in the defendant's motion for summary judgment because the plaintiff "was aware of the exhaustion issue even when he filed his complaint, and he confronted the defense in responding to

---

[2] The Court construes Mr. Roos' Motion to Review as an Objection under Federal Rule of Civil Procedure 72.

the motion for summary judgment." *Id.* Because the plaintiff had not been prejudiced by the newly-asserted defense, the Seventh Circuit found that the defense had not been waived.

Here, Roos argues that he cannot simultaneously argue Defendants waived the exemption defense and respond to Defendants' Motion for Summary Judgment because any response he files addressing (or attempting to address) the exemption defense, like the response filed in *Curtis*, would show that he had an opportunity to "confront[] the defense" and suffered no prejudice, thus undercutting his waiver argument. However, in *Curtis*, the Seventh Circuit did not solely consider the plaintiff's summary judgment response in holding that he had not been prejudiced by the belated affirmative defense. The Court also considered the fact that the plaintiff had been "aware of the exhaustion issue even when he filed the complaint." *Curtis*, 436 F.3d at 711. Therefore, if Roos had filed a substantive response, it would not have been dispositive of his waiver argument.

The fact that a party opposing summary judgment may substantively respond to a belated affirmative defense without forgoing a waiver argument is illustrated by *Reed v. Columbia St. Mary's Hospital*. In *Reed*, the plaintiff asserted claims under the Americans with Disabilities Act ("ADA") against the defendant-hospital. 915 F.3d 473 (7th Cir. 2019). The hospital moved for summary judgment, arguing for the first time that a religious exemption to the ADA barred the plaintiff's claims. In her summary judgment response, the plaintiff argued that the hospital's affirmative defense had been waived and also argued that disputes of fact precluded summary judgment on the religious exemption defense. The district court first addressed whether the hospital had waived the affirmative defense, and then, having ruled the hospital did not waive the defense, proceeded to the merits of the defense and granted summary judgment. *Reed v. Columbia St. Mary's Hosp.*, 236 F. Supp. 3d 1091, 1101 (E.D. Wis. 2017). The Seventh Circuit reversed and remanded the summary judgment ruling, holding that the affirmative defense had been waived and

that district court erred by considering it. *Reed*, 915 F.3d at 482. In evaluating whether the plaintiff had been prejudiced by the hospital's delay in asserting the defense, the Seventh Circuit noted that although she "was at least given notice of the defense in the motion for summary judgment itself and could attempt to respond, she was still at a serious disadvantage. That notice came after the parties had completed discovery. . . [W]e 'cannot overlook the failure to comply with Rule 8(c) in this context.'" *Id.* (internal citations omitted). *Reed* demonstrates that a plaintiff may alternatively assert waiver and substantive arguments in response to a belated affirmative defense.

*Curtis*, *Reed*, and similar cases confirm that a district court must decide whether a belated affirmative defense has been waived before addressing the merits of the defense, but none of those cases requires a district court to rule on waiver arguments before requiring a party to file a summary judgment response. The Magistrate Judge did not err in concluding that Roos could have, and should have, included his waiver argument in his summary judgment response.

Roos has failed to convince the Court that the Magistrate Judge committed clear error that would warrant setting aside or modifying the Order Denying Plaintiff's Motion for Extension of Time.

### IV.    CONCLUSION

For the foregoing reasons, Plaintiff John Roos' Motion to Review Non-Dispositive Decision of Magistrate Judge ([Filing No. 54](#)) is **DENIED**. The Court finds no error in the Magistrate Judge's order. The adjusted deadlines set forth in the Order Denying Motion for Extension of Time ([Filing No. 53](#)) remain in effect, with the one exception that Roos may have until Tuesday, December 13, 2022 to file his response[3].

---

[3] Since the Court is issuing this ruling over the weekend and the response is due on Monday, December 12, 2022—the Court *sua sponte* extends the deadline by one day.

**SO ORDERED**.

Date: 12/10/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Mark R. Waterfill
ATTORNEY AT LAW
mark@waterfilllaw.com

Ronald E. Weldy
WELDY LAW
rweldy@weldylegal.com