UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN ROOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-02576-TWP-MPB |
| | ) |
| TOMORROW SOLUTIONS, LLC, | ) |
| MICHAEL MORROW, | ) |
| 2MORROW'S FARM, LLC, | ) |
| HEARTLAND HEMP, LLC, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION TO FIND EXEMPTION DEFENSE WAIVED**

This matter is before the Court on cross-motions for summary judgment filed pursuant to Federal Rule of Civil Procedure 56. Plaintiff John Roos ("Roos") initiated this action asserting that the Defendants, Tomorrow Solutions, LLC, Michael Morrow, 2Morrow's Farm, LLC, and Heartland Hemp, LLC (collectively, "Defendants") violated the Fair Labor Standards Act ("FLSA") and various Indiana state laws. In particular, Roos claims that he was employed by the Defendant and was not paid his agreed upon signing bonus, agreed rate of pay, and overtime hours. Roos also claims he was fired in retaliation for seeking a worker's compensation claim. Defendants contend that Roos was a temporary farm hand, and never an employee and the parties never agreed to wages or bonuses and Roos was terminated because he was a very poor worker. Defendants filed a Motion for Summary Judgment ([Filing No. 46](#)), and thereafter, Roos filed both a Motion to Find Exemption Defense Waived ([Filing No. 50](#)), and a cross-Motion for Partial Summary Judgment. ([Filing No. 58](#)). For purposes of the instant cross-motions, only Roos' FLSA claims are

at issue.[1] For the following reasons, the Defendants' Motion for Summary Judgment is **granted in part and denied in part**, Roos' Cross-Motion for Partial Summary Judgment is **denied**, and Roos' Motion to Find Exemption Defense Waived is **denied as moot**.

## I. BACKGROUND

As an initial matter, the Court must address an evidentiary issue.  In support of his Cross-Motion, Roos designated Defendant Michael Morrow's ("Morrow") deposition, but that deposition transcript has not been filed with the Court (Filing No. 58). Roos attempted to file the transcript with his Cross-Motion and Designation of Evidence but encountered technical difficulties in doing so.  On December 13, 2022, Roos filed a "Notice of Filing Issue" stating that the transcript "would not upload for reasons unknown to counsel for Plaintiff" but that "[c]ounsel for Plaintiff will work to correct this issue and get this deposition filed as quickly as the technology will permit" (Filing No. 60). To date, Roos has not filed the transcript. The Court cannot consider evidence it does not have, so Morrow's deposition cannot be considered for purposes of summary judgment.  As a result, the designated evidence consists of the affidavits from Morrow and Roos (Filing No. 46-1; Filing No. 61-1). The factual background as described in those affidavits is relatively simple.

At the end of September 2019, Roos traveled from Montana to Saint Paul, Indiana, to work for Morrow's hemp growing business (Filing No. 61-1 at ¶ 4). Morrow is a farmer and a member of three limited liability companies based in Saint Paul—Tomorrow Solutions, LLC ("Tomorrow Solutions"), 2Morrow's Farm, LLC ("2Morrow"), and Heartland Hemp, LLC ("Heartland") (Filing No. 46-1 at ¶¶ 2–6).  Roos traveled to Indiana because he wanted to learn about the CBD extraction process. (Filing No. 61-1 at ¶ 5.)  Morrow also offered Roos travel money and a $5,000.00 sign-on bonus for Roos' services.  *Id.* at ¶ 6.

---

[1] The parties do not assert arguments on the merits of Roos' state law claims.

Roos arrived in Indiana on October 1, 2019, *id.* at ¶ 8, and began work that month (Filing No. 46-1 at ¶ 7). He generally performed agricultural work related to Defendants' hemp and CBD oil businesses. Roos worked "as a farmhand" and performed "localized agricultural activities" (Filing No. 46-1 at ¶¶ 7, 11). Roos had planned to assist Morrow with harvesting, drying, and milling hemp plants, and with processing those plants into CBD oil. (Filing No. 61-1 at ¶ 7.) However, the summary judgment record does not identify the specific work Roos actually performed for Defendants, other than the construction of two "drying wagons on which to hang the hemp plants to dry." *Id.* at ¶ 9. Defendants do not ship any of their products outside Indiana, and Defendants never asked Roos to engage in or perform any activities that would affect interstate commerce. (Filing No. 46-1 at ¶¶ 12–13.)

While working for Defendants, Roos had no managerial responsibilities. *Id.* at ¶ 8. Morrow would decide when to assign work to Roos and sometimes decided what time Roos would start and stop work. (Filing No. 61-1 at ¶ 16.) Morrow also provided Roos instructions on how the assigned work was to be performed. *Id.* at ¶ 17. Roos' work had no direct impact on the profitability of Tomorrow Solutions, 2Morrow, or Heartland, and neither Roos nor his work was integral to the business or profitability of those entities (Filing No. 46-1 at ¶¶ 9–10). Tomorrow Solutions, 2Morrow, and Heartland never exercised control over Roos' working conditions. *Id.* at ¶¶ 14–16.

Roos worked for Defendants for roughly four weeks (Filing No. 46-1 at ¶ 17; Filing No. 61-1 at ¶ 11). The parties dispute how many hours Roos worked in that time. Defendants assert Roos only worked approximately twenty-hours per week (Filing No. 46-1 at ¶ 17), whereas Roos contends that between October 13 and 19, 2019, he worked approximately sixty-eight hours, and that between October 2 and November 6, 2019, he worked over two hundred hours (Filing No. 61-

3

1 at ¶¶ 10–11). On multiple occasions, Roos asked when he was going to be paid the money Morrow had promised him. *Id.* at ¶ 12.

On May 9, 2022, Roos filed an Amended Complaint alleging Count I: Failure to Pay Wages pursuant to Ind. Code 22-2-9 *et. seq.*; Count II: Failure to Pay Minimum Wage and Overtime Wage pursuant to FLSA; Count III: Failure to Pay Minimum Wage and Overtime Wage pursuant to the Indiana Minimum Wages Statute; Count IV: Retaliatory Termination of Employment pursuant to FLSA; Count V: Worker's Compensation Retaliation; Count VI: Breach of Contract; and Count VII: Detrimental Reliance.  (Filing No. 27 at 4-11).  Roos' relevant federal claims (Count I and Count IV) allege that Defendants failed to pay him minimum or overtime wages and then in retaliation, terminated him after he complained in violation of the FLSA (Filing No. 27 at ¶¶ 42–43, 78–81).

## II.   LEGAL STANDARD

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007).  In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). "However, inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007) (citation and quotation marks omitted). Additionally, "[a] party who bears the

burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "The opposing party cannot meet this burden with conclusory statements or speculation but only with appropriate citations to relevant admissible evidence." *Sink v. Knox Cnty. Hosp.*, 900 F. Supp. 1065, 1072 (S.D. Ind. 1995) (citations omitted).

"In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of [the] claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citations and quotation marks omitted). "[N]either the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and quotation marks omitted).

These same standards apply even when each side files a motion for summary judgment. The existence of cross-motions for summary judgment does not imply that there are no genuine issues of material fact. *R.J. Corman Derailment Serv., LLC v. Int'l Union of Operating Eng'rs*, 335 F.3d 643, 647 (7th Cir. 2003). The process of taking the facts in the light most favorable to the non-moving party, first for one side and then for the other, may reveal that neither side has enough to prevail without a trial. *Id.* at 648. "With cross-motions, [the Court's] review of the record requires that [the Court] construe all inferences in favor of the party against whom the motion under consideration is made." *O'Regan v. Arb. Forums, Inc.*, 246 F.3d 975, 983 (7th Cir. 2001) (citation and quotation marks omitted).

### III.     DISCUSSION

Defendants seek summary judgment in their favor on Roos' FLSA wage and retaliation claims (Counts II and IV, respectively) and ask the Court to relinquish jurisdiction over Roos' state law claims. As to the wage claim, Defendants argue Roos is not entitled to coverage under the FLSA and that Defendants are exempt from coverage under the FLSA's agricultural exemption. As to Roos' retaliation claim, Defendants argue they did not retaliate against Roos, they were not "joint employers," and Roos was not their "employee" under the FLSA.

In his Cross-Motion, Roos seeks partial summary judgment on certain elements of his FLSA claims. Specifically, Roos contends that as a matter of law he is entitled to coverage under the FLSA, Defendants have waived their right to assert the FLSA's agricultural exemption, he is an "employee," Morrow is an "employer," and "Defendants are not joint employers under the FLSA" (Filing No. 58; Filing No. 59 at 13–14). Roos' Motion to Find Exemption Defense Waived repeats his summary judgment arguments regarding the FLSA's agricultural exemption.

The Court will first address Roos' FLSA wage claim and Motion to Find Exemption Defense Waived, before addressing his FLSA retaliation claim. Lastly, the Court will decide whether it should relinquish jurisdiction over Roos' state law claims.

### A.     **FLSA Wage Claim (Count II) and Motion to Find Exemption Defense Waived**

Defendants argue that Roos' FLSA wage claim should be dismissed because he is not entitled to coverage under the FLSA's wage provisions (Filing No. 47 at 5–10). The FLSA's minimum wage and overtime protections apply to any employee "who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(a), 207(a)(1).

> In other words, an employee can allege that [he] is covered by the protections of the FLSA because [he] personally is 'engaged in commerce or in the production of goods for commerce' (individual coverage) or because [he] is 'employed in an

enterprise engaged in commerce or in the production of goods for commerce' (enterprise coverage).

*Amos v. Classic Dining Group, LLC*, No. 19-cv-3193, 2021 WL 9455301, at *2 (S.D. Ind. Sept. 22, 2021). In his response, Roos concedes that he is not entitled to enterprise coverage (Filing No. 59 at 6), so the Court need only determine whether he is entitled to individual coverage.

The test for individual coverage "is whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated activity." *Mitchell v. C.W. Vollmer & Co.*, 349 U.S. 427, 429 (1955). The evidence submitted by Defendants shows that Roos only performed "localized agricultural activities" related to its local hemp and CBD businesses (Filing No. 46-1 at ¶ 11). None of the Defendants ship any of their products interstate, and none of the defendants asked Roos to engage in or perform activities that would affect interstate commerce. *Id.* at ¶¶ 12–13.

Roos does not genuinely dispute these material facts. In his brief, Roos argues "[i]t was [his] understanding" that one of the purposes of Defendants' businesses was to sell CBD oil interstate. (Filing No. 59 at 4.) But Roos' "understanding" of Defendants' business purposes is not based on personal knowledge and is not sufficient to rebut Defendants' evidence that they in fact do not sell products interstate. Fed. R. Civ. P. 56(c)(4); *see Price v. Rochford*, 947 F.2d 829, 832 (7th Cir. 1991) (stating affidavit based on "information and belief" was insufficient to oppose summary judgment because it was not made on personal knowledge).

Additionally, Roos offers no rebuttal evidence showing he actually engaged in interstate commerce. "The FLSA applies to those who are *engaged* in commerce; it is not enough to show that the employee's activities *affected* commerce." *Shoemaker v. Lake Arbutus Pavilion, LLC*, 115 F. Supp. 3d 974, 979 (W.D. Wis. 2015) (emphasis in original) (citing *Mitchell v. Lublin,*

7

*McGaughy & Assocs.*, 358 U.S. 207, 211 (1959)). Roos' local handling of hemp plants for a business that only sells products within Indiana is too far removed from interstate commerce to entitle Roos to coverage under the FLSA's wage provisions. *See Higgins v. Carr Bros. Co.*, 317 U.S. 572, 573–74 (1943) (finding night warehouse employee who put up orders and either loaded trucks for delivery to in-state retailer distributers or drove a truck distributing merchandise to in-state customers was not entitled to individual coverage); *Joles v. Johnson Cnty. Youth Servs.*, 885 F. Supp. 1169, 1176–77 (S.D. Ind. 1995) (finding employee who prepared meals for group home using food and supplies obtained from local retailers was not entitled to individual coverage, even though food and supplies had been delivered to local retailers from out-of-state suppliers); *see also Rivas v. Marcelo Hand Car Wash Inc.*, No. 10 C 1396, 2010 WL 4386858, at *1 (N.D. Ill. Oct. 28, 2010) (dismissing FLSA claim on summary judgment because employee, who worked at car wash that used online marketing services and cleaned cars that might have moved in interstate commerce, was not entitled to individual coverage); *Jacoby v. Schimka Auto Wreckers, Inc.*, No. 10 C 1452, 2010 WL 3171515, at *4 (N.D. Ill. Aug. 11, 2020 (dismissing FLSA claims on summary judgment because tow truck company's employee performed "isolated local activity" and only tangentially used tools that might have moved in interstate commerce, so he was not entitled to individual coverage).

Defendants are therefore entitled to summary judgment on Count II, Roos' FLSA wage claim, and that count is **dismissed**. Because Roos' FLSA wage claim is dismissed for lack of coverage, the parties' arguments regarding the FLSA's agricultural exemption are moot, and Roos' Motion to Find Exemption Defense Waived (Filing No. 50) is **denied as moot**.

**B.**     **FLSA Retaliation Claim (Count IV)**

Defendants argue that Roos' retaliation claim fails as a matter of law because Roos is not entitled to coverage under the FLSA (Filing No. 67 at 19). However, the FLSA's retaliation

8

provision prohibits retaliation against "any employee," 29 U.S.C. § 215, not just employees engaged in interstate commerce, like the FLSA's wage provisions. 29 U.S.C. §§ 206–07. Roos may therefore sue for retaliation even if he is not entitled to coverage.

Defendants also argue that Roos' FLSA retaliation claim should be dismissed because they did not retaliate against Roos, because Defendants were not Roos' "joint employers," and because Roos was not an employee under the FLSA. Roos responds that genuine disputes of material fact exist as to whether Defendants retaliated against him, and he contends that, as a matter of law, Defendants were not "joint employers," Morrow was an "employer," and he was an "employee" under the FLSA.

The Court will decide whether the undisputed facts show Defendants did not retaliate against Roos before addressing, in turn, whether Defendants were joint employers, whether Morrow was an employer, and whether Roos was an employee for purposes of the FLSA.

**1. Whether Defendants Retaliated Against Roos**

Defendants argue they "did not retaliate against Roos in any way" and "[t]herefore, there is no causal connection between any alleged protective [sic] activity taken by Roos and any alleged adverse action taken by Defendants" (Filing No. 47 at 12). The only evidentiary support Defendants cite for this argument is Morrow's statement that "Tomorrow Solutions, 2Morrow, Heartland, nor I ever retaliated against Roos in any way because he exercised any legal right that he possessed, including any rights that he may have had under the FLSA" (Filing No. 46-1 at ¶ 24). This statement is a legal conclusion, which the Court may not consider on summary judgment. Fed. R. Civ. Pro. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."); *See, e.g.*, *Pfeil v. Rogers*, 757 F.2d 850, 862 (7th Cir. 1985) (stating legal conclusions are not "facts

9

to which an affiant is competent to testify, [and] legal argument in an affidavit may be disregarded").

Roos' Amended Complaint adequately alleges a claim of retaliation in violation of the FLSA (Filing No. 27). Absent admissible evidence negating the causation element of that claim, Defendants are not entitled to summary judgment.

### 2. Whether Defendants are Joint Employers

Defendants next argue that they are not "joint employers" under the FLSA and that "Defendants are entitled to summary judgment unless Roos can offer evidence demonstrating who his employer was for purposes of the FLSA" (Filing No. 47 at 16). For a joint-employer relationship to exist, "each alleged employer must exercise control over the working conditions of the employee." *Moldenhauer*, 536 F.3d at 644.

Defendants support their argument with affidavit testimony from Morrow that Tomorrow Solutions, 2Morrow, and Heartland "never exercised any amount of control over Roos' working conditions" (Filing No. 46-1 at ¶¶ 14–17).[2] These statements satisfy Defendants' initial burden as summary judgment movants who do not bear the ultimate burden of proof, though just barely.

Despite Defendants' meager evidence, Roos does not challenge Defendants' position. In his "Response to Statement of Material Facts," Roos does not dispute Morrow's statement that Tomorrow Solutions, 2Morrow, and Heartland never exercised control over his working

---

[2] Morrow's affidavit also states that there was no interrelation of operations, centralized control of labor relations, common management, or common ownership or financial control among Defendants. Those statements, however, speak to whether Defendants constituted a "single employer" for purposes of FLSA coverage, not whether they constitute "joint employers." *See Nat'l Labor Relations Bd. v. Western Temporary Servs., Inc.*, 821 F.2d 1258, 1266 (7th Cir. 1987) ("The employer's formulation of the appropriate standard is based on cases that blur the distinct concepts of 'single employer' and 'joint employer.' Since employer status 'exists where two nominally separate entities are actually part of a single integrated enterprise so that, for all purposes, there is in fact only a "single employer."' … The joint employer concept, by contrast, is not based on the integration of two companies but instead looks to the control two separate companies exert over the same employees." (internal citations omitted) (quoting *Nat'l Labor Relations Bd. v. Browning-Ferris Indus., Inc.*, 691 F.2d 1117, 1122 (3d Cir. 1982))).

conditions. (Filing No. 59 at 4–6); S.D. Ind. L.R. 56-1(b) (requiring party opposing summary judgment to identify all "potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment"). Roos' affidavit focuses exclusively on his working relationship with Morrow and does not even mention the other Defendants (Filing No. 61-1). And in his Cross-Motion, Roos requests that the Court find that only Morrow is an "employer" under the FLSA and that "Defendants *are not joint employers* under the FLSA," (Filing No. 58 at 1–2 (emphasis added); Filing No. 59 at 13–14, ¶¶ 2, 6).

Defendants have presented evidence that Tomorrow Solutions, 2Morrow, and Heartland did not control Roos' working conditions, and Roos has conceded that those Defendants were not his "joint employers" for purposes of the FLSA. Accordingly, Count IV is **dismissed** as to Tomorrow Solutions, 2Morrow, and Heartland.[3]

### 3.     **Whether Morrow is an Employer**

In his Cross-Motion, Roos asserts that Morrow is an "employer" under the FLSA. The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." A person is an "employer" under the FLSA if (1) that person had supervisory authority over the plaintiff-employee; and (2) that person was responsible in whole or in part for the violation. *Riordan v. Kempiners*, 831 F.2d 690, 694 (7th Cir. 1987).

This issue is immaterial to Roos' FLSA retaliation claim. The Seventh Circuit has explained that the FLSA's retaliation provision, 29 U.S.C. § 215, makes it "illegal for any person, not just an 'employer' as defined under the statute, to retaliate against any employee for reporting conduct 'under' or 'related to' violations of the federal minimum wage or maximum hour laws, whether or

---

[3] Defendants have not argued, and the Court is not deciding, whether Defendants may be joint employers or may otherwise be subject to joint and several liability for purposes of Roos' state law claims. The Court's holding in this Order applies only to Roos' FLSA claims.

11

not the employer's conduct does in fact violate those laws." *Sapperstein v. Hager*, 188 F.3d 852, 857 (7th Cir. 1999). As such, even if Morrow were not an "employer" as defined by the FLSA, he could still be liable for retaliation. Roos' request for summary judgment is **denied** as immaterial and thus moot.

Further, even if Morrow's status as an "employer" were material, the undisputed evidence would not warrant summary judgment in Roos' favor. Roos only offers evidence that Morrow offered him travel money and a sign-on bonus (Filing No. 61-1 at ¶ 6), and "decided when to assign work to [Roos] and sometimes decided what time to start and stop performing work," *id.* at ¶ 16. Defendants do not dispute these assertions, but this undisputed evidence does not meet Roos' burden as the summary judgment movant. Where a movant, like Roos, seeks summary judgment on a claim in which he bears the burden of proof, he must "lay out the elements of the claim, cite the facts which [he] believes satisfies these elements, and demonstrate why the record is so one-sided as to rule out the prospect of a finding in favor of the non-movant on the claim." *Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 594, 601 (7th Cir. 2015). Roos' affidavit does not contain enough information about Morrow's authority or responsibilities to rule out the prosect of a finding in Morrow's favor. The Court would therefore deny Roos' request for summary judgment on this issue even if it were material to his retaliation claim.

### 4. Whether Roos Was an Employee

Defendants argue Roos' FLSA retaliation claim in Count IV should also be dismissed because Roos was not an "employee" for purposes of the FLSA (Filing No. 47 at 12–15). In his Cross-Motion, Roos argues that the undisputed facts show that he was an "employee" (Filing No. 59 at 8–9). Based on the record before the Court, neither party is entitled to summary judgment on this issue.

12

"The Supreme Court has instructed the courts to construe the terms 'employee' and 'employer' expansively under the FLSA." *Vanskike v. Peters*, 974 F.2d 806, 807 (7th Cir. 1992) (citation omitted). Whether an individual is an employee or an independent contractor under the FLSA depends on the application of the economic realities test, which is intended to clarify whether employees are actually dependent upon the business to which they render service. *Sec'y of Labor, U.S. Dep't of Labor v. Lauritzen*, 835 F.2d 1529, 1534 (7th Cir. 1987); *Scott v. NOW Courier, Inc.*, No. 1:10-cv-971-SEB, 2012 WL 1072751, at *7 (S.D. Ind. Mar. 29, 2012); *Perez v. Super Maid, LLC*, 55 F. Supp. 3d 1065, 1076 (N.D. Ill. 2014).

To assess the economic realities of a working relationship, courts consider the following six factors: (1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers; (4) whether the service rendered requires a special skill; (5) the degree of permanency and duration of the working relationship; and (6) the extent to which the service rendered is an integral part of the alleged employer's business. *Lauritzen*, 835 F.2d at 1534–35; *NOW Courier, Inc.*, 2012 WL 1072751, at *7. These criteria are intended to assist in determining the true nature of the relationship, but no criterion is by itself, or by its absence, dispositive or controlling. *Lauritzen*, 835 F.2d at 1534; *Perez*, 55 F. Supp. 3d at 1076. Instead, courts are to consider all the circumstances of the work activity rather than a particular isolated factor. *Lauritzen*, 835 F.2d at 1534; *see also Vanskike*, 974 at 808 ("[S]tatus as an 'employee' for purposes of the FLSA depends on the totality of the circumstances rather than on any technical label.").

While the ultimate conclusion regarding whether an individual is an employee or an independent contractor is a question of law, the "historical findings of fact that underlie the findings" and "the findings as to the six factors" are questions of fact. *Lauritzen*, 835 F.2d at 1535 (citing *Brock v. Mr. W. Fireworks, Inc.*, 814 F.2d 1042, 1044-45 (5th Cir. 1987) and *Karr v. Strong Detective Agency, Inc.*, 787 F.2d 1205, 1206 (7th Cir. 1986)). *But see Lauritzen*, 835 F.2d at 1542 (Easterbrook, J., concurring) ("If we are to have multiple factors, we also should have a trial. A fact-bound approach calling for the balancing of incommensurables, an approach in which no ascertainable legal rule determines a unique outcome, is one in which the trier of fact plays the principal part"); *Narayan v. EGL, Inc.*, 616 F.3d 895, 901 (9th Cir. 2010) (quoting *Lauritzen* concurring opinion) ("The drawing of inferences from subordinate to 'ultimate' facts is a task for the trier of fact-if, under the governing legal rule, the inferences are subject to legitimate dispute.").

The parties offer only Morrow's and Roos' affidavits[4] in support of their respective requests. These affidavits do not provide an sufficient evidentiary basis for the Court to make a decision as a matter of law in either party's favor.

As to the nature and degree of Morrow's control over Roos' work, Roos' affirms that Morrow "decided when to assign work to [Roos] and *sometimes* decided what time to start and stop performing work" (Filing No. 61-1 at ¶ 2 (emphasis added)). Roos also affirms that Morrow "provided instructions on how the work was to be performed." *Id.* at ¶ 17. These statements indicate that Morrow exerted some control over Roos' work, but they do not explain the nature or degree of that control in any detail.

> Merely setting a work schedule is not sufficient to support a finding that a given person is an employee rather than an independent contractor. Nor is the fact that a person is required to be at a given place at a given time or assigned project work

---

[4] For the reasons discussed above, the Court will not consider Morrow's deposition testimony.

>sufficient to support an employer-employee relationship. Rather, the question is whether the *details of the work* were in the control of [the alleged employer].

*Estate of Suskovich v. Anthem Health Plans of Virginia, Inc.*, 553 F.3d 559, 566 (7th Cir. 2009) (emphasis added) (internal citations omitted). Roos' affidavit offers no information about the details of his work for Morrow, and Morrow's affidavit provides no information whatsoever about the nature and degree of his individual control over Roos' work.

As to Roos' managerial skill, Morrow's affidavit states "Roos had no managerial responsibility" and describes Roos' services as "farmhand" work and "localized agricultural activities" (Filing No. 46-1 at ¶ 7). Defendants argue that "Roos possessed no special skill as it related to the limited work that he did for Defendants." (Filing No. 47.)  Roos does not dispute that he performed manual agricultural labor (Filing No. 59 at 9), but Morrow's statements tend to show that Roos was an employee, not an independent contractor.  *See Jackson v. Leader's Institute, LLC*, No. 14-cv-193, 2015 WL 7573228, at *5–6 (S.D. Ind. Nov. 24, 2015) ("An independent contractor risks loss of an investment and has the opportunity to increase profits through managerial discretion. . . . In contrast, strict prearranged pay scales and situations that do not afford workers 'managerial discretion' to adjust their hours or work more efficiently eliminate the opportunity for workers to realize increased profits by adjusting their own performance." (citations omitted)); *id.* at *7 ("[H]ighly specialized skills weigh in favor of independent contractor status.").

The parties' affidavits also indicate Roos worked for Morrow for only about four weeks, "but that fact alone does not convert seasonal employees into independent contractors." *Lauritzen*, 835 F.2d at 1537.  The affidavits do not address whether Roos provided seasonal work to Morrow on a recurring basis, or whether Roos was hired for just this one occasion. *See id.* ("Many migrant families return year after year.").  Both parties' affidavits are silent on Roos' investment, if any, in

15

equipment or materials, the extent to which Roos' work was an integral part of Morrow's alleged business, and all other details of their working relationship.

The Court notes that Morrow affirms that "[n]one of the named Defendants ever considered Roos to be their employee" and "always considered Roos to be an independent contractor," but these statements are inadmissible legal conclusions. (Filing No. 46-1 at ¶¶ 18 –19); Fed. R. Civ. P. 56I(4); *Pfeil*, 757 F.2d at 862.

In light of the extremely limited evidence submitted by the parties, the Court cannot assess the "economic realities" of Morrow and Roos' working relationship. Other than a few vague, conclusory allegations, the parties have not explained the circumstances of their working relationship. Because Roos' employment status under the FLSA is a fact-sensitive inquiry, the lack of evidence makes the issue unsuitable for judgment as a matter of law. Neither party is entitled to summary judgment, and both of their requests for summary judgment on this issue are **denied**. A trier of fact, with the benefit of more evidence, must decide whether Roos was Morrow's employee for purposes of the FLSA.[5]

C.  **Relinquishment of Jurisdiction**

Because Count IV remains pending against Morrow, the Court retains supplemental jurisdiction over Roos' state law claims.

IV.  **CONCLUSION**

For the reasons discussed above, Defendants' Motion for Summary Judgment (Filing No. 46) is **GRANTED in part and DENIED in part**, Roos' Cross-Motion for Partial Summary

---

[5] Because Tomorrow Solutions, 2Morrow, and Heartland have been dismissed from Count IV, the Court declines to address whether Roos was their employee for purposes of the FLSA. Similarly, because Defendants have not asserted any arguments as to the merits of Roos' state law claims, the Court is not deciding whether Roos was any Defendant's employee for purposes of Roos' state law claims. Those issues will be addressed at trial.

Judgment ([Filing No. 58](#)) is **DENIED**, and Roos' Motion to Find Exemption Defense Waived ([Filing No. 50](#)) is **DENIED as moot**.

Count II of Roos' Amended Complaint is **DISMISSED**, and Count IV is **DISMISSED** as to Defendants Tomorrow Solutions, LLC, 2Morrow's Farm, LLC, and Heartland Hemp, LLC. The following claims shall **PROCEED** to trial or settlement: Count IV against only Defendant Michael Morrow, and Counts I, III, and V–VII against all Defendants.

The Court notes that this matter is set for settlement conference on May 24, 2023, final pretrial conference on June 21, 2023 and trial on July 17, 2023. These dates are confirmed.

  **SO ORDERED**.

Date: 4/28/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Ronald E. Weldy
WELDY LAW
rweldy@weldylegal.com

Mark R. Waterfill
ATTORNEY AT LAW
mark@waterfilllaw.com